ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| Administración para el Desarrollo de Empresas Agropecuarias del Departamento de Agricultura<br><br>Parte Apelante<br><br>v.<br><br>Junta de Subastas de la Administración de Servicios Generales<br><br>Parte Apelada | KLAN202300943 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil Núm.: SJ2023CV09185<br><br>Sobre: Impugnación al Pliego de Subasta Formal 23-J17237 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

Comparece la Administración para el Desarrollo de las Empresas Agropecuarias (ADEA) y solicita que revoquemos la *Sentencia* emitida y notificada el 29 de septiembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante el referido dictamen, el foro primario desestimó el recurso de *injunction* solicitado por la ADEA en virtud de la doctrina de agotamiento de remedios administrativos, al concluir que el trámite administrativo provisto por la Administración de Servicios Generales (ASG) establece la vía apropiada y el remedio adecuado en ley para dilucidar sus reclamos.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I.**

El 28 de septiembre de 2023, la ADEA presentó una *Solicitud enmendada[1] de remedios extraordinarios* al amparo de la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 57, y los Arts. 675-689 del Código de Enjuiciamiento Civil, 32 LPRA secs. 3521 y 3533. Informó que comparecía en representación y en beneficio de un pequeño grupo de empresas agropecuarias que resultaron agraciadas y suscribieron contratos en las subastas formales 22-0616 y 22-0616-R1, y que, presuntamente, se ven perjudicados con el inicio del proceso para la Subasta Formal 23J-17237.

Según las alegaciones, las subastas formales 22-0616 y 22-0616-R1 tuvieron el propósito de establecer los contratos para la adquisición de ciertos productos agrícolas comestibles para la Administración para el Desarrollo de Empresas Agropecuarias, Entidades Gubernamentales, Exentas y Municipios del Gobierno de Puerto Rico. Tras suscribirse los contratos, la ASG publicó la invitación a la Subasta Formal 23J-17237, para establecer el contrato de selección múltiple para el suplido de alimentos para todas las Entidades Gubernamentales, Exentas y Municipios del Gobierno de Puerto Rico.

La ADEA relató que el pliego de la Subasta Formal 23J-17237 incluyó treinta y ocho (38) artículos que fueron adjudicados en las Subastas Formales 22-0616 y 22-0616-R1, y están disponibles a través de los contratos otorgados a favor de los licitadores allí agraciados, cuyos convenios vencen en el 2024. Por ello, impugnó ante la ASG el referido pliego de la Subasta Formal 23J-17237, alegando que representaba una competencia desleal en el proceso de licitación que podría resultar en confusión y disputas en torno a la disponibilidad y precios de los productos. Como remedio ante la

---

[1] Se enmendó con el propósito de incluir al Estado Libre Asociado de Puerto Rico (ELA) como codemandado, porque la ASG no posee personalidad jurídica propia y separada del ELA.

agencia, solicitó la enmienda al pliego de la subasta para que se excluyeran los productos que alegó forman parte de los contratos preexistentes.

Sin embargo, el 30 de agosto de 2023, la ASG dictó una resolución mediante la cual desestimó la impugnación presentada, tras concluir que, de acuerdo con la Sección 7.3.6 del *Reglamento uniforme de compras y subastas de bienes, obras y servicios no profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico,* Número 9230 de 18 de noviembre de 2020, la ADEA carecía de legitimación para impugnar el proceso por no haber participado como licitador en el proceso de subasta objeto de impugnación.

Ante ello, en la *Solicitud enmendada de remedios extraordinarios* instada ante el TPI, la ADEA adujo que el trámite administrativo provisto por la ASG para impugnar el pliego de la subasta en cuestión constituía una gestión inútil e inefectiva para dilucidar su reclamo que produce un daño irreparable a los licitadores agraciados en las subastas formales 22-0616 y 22-0616-R1. Afirmó que ello justificaba la preterición del cauce administrativo y la concesión del recurso extraordinario de *injunction.*

Al día siguiente de presentada la solicitud de remedios extraordinarios, el TPI dictó la *Sentencia* apelada[2], mediante la cual desestimó el recurso de *injunction* solicitado por la ADEA en virtud de la doctrina de agotamiento de remedios administrativos. Razonó que el trámite administrativo provisto por la ASG establece la vía apropiada y el remedio adecuado en ley para dilucidar sus reclamos.

Por su pertinencia, transcribimos lo dispuesto en la conclusión del dictamen emitido por el tribunal apelado:

---

[2] Sentencia emitida y notificada el 29 de septiembre de 2023.

En primer lugar, debemos mencionar que, para dictar la presente Sentencia, las alegaciones bien hechas en la *Solicitud* se interpretaron conjuntamente, liberalmente y de la manera más favorable posible para la parte demandante. Veamos.

Los hechos del caso son sencillos. El 23 de agosto de 2023, ADEA presentó mediante carta, a la Administradora Auxiliar de Adquisiciones, la Impugnación al pliego de la Subasta Número 23J-17237. Mediante el remedio extraordinario de injunction, ADEA nos solicita que intervengamos en el procedimiento previamente establecido, para revisar la decisión emitida el pasado 30 de agosto de 2023, mediante Resolución en el caso AAA-23-P-001, *Administración para el Desarrollo de Empresas Agropecuarias del Departamento de Agricultura v. Junta de Subastas de la Administración de Servicios Generales*. En dicha Resolución, se resolvió la impugnación presentada por ADEA sobre el Pliego de Subasta Formal Número 23J-17237. La determinación emitida en la Resolución no le fue favorable a la ADEA, por lo que, ésta tiene disponible el remedio adecuado en ley de la presentación de un recurso de revisión ante la Junta Revisora de Subastas de la Administración de Servicios Generales. El *Reglamento uniforme de compras y subastas de bienes, obras y servicios no profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico,* Reglamento 9230, del 18 de noviembre de 2020, establece el procedimiento de revisión ante la Junta de Subastas. El Artículo 5.5 del reglamento dispone que **el Tribunal Apelativo será el foro con jurisdicción para revisar, mediante recurso de Revisión Judicial las determinaciones administrativas**. ADEA arguye que, por la duración restante de los contratos envueltos y la posibilidad de la presentación de múltiples pleitos, el procedimiento de revisión ante la Junta de Subastas no es un remedio adecuado en ley. Dicho argumento no nos convence. ADEA inició el trámite administrativo mediante la impugnación de la subasta, ahora le corresponde agotar dicho trámite a través del procedimiento establecido. (Énfasis original).[3]

En desacuerdo con dicha determinación, la ADEA presentó una oportuna moción de reconsideración[4]. Aseveró que el mecanismo para la impugnación del pliego que provee el Reglamento Núm. 9230, *supra,* es exclusivo para aquellos licitadores que participaron del proceso; y que, al no haber comparecido como licitadora, no le aplica ni está obligada a agotar dicho mecanismo. Por tanto, insistió en que el procedimiento administrativo de la

---

[3] Apéndice del recurso, pág. 5.
[4] La ADEA presentó su moción de reconsideración el 2 de octubre de 2023.

agencia no provee un remedio adecuado en ley para dirimir sus reclamos, produciéndole un daño irreparable a los licitadores agraciados en las subastas formales 22-0616 y 22-0616-R1, razón por la cual procedía preterir el cauce administrativo y conceder el remedio extraordinario de *injunction*.

El TPI denegó la solicitud de reconsideración de la ADEA mediante resolución dictada y notificada el 3 de octubre de 2023.

Inconforme con lo resuelto, el 24 de octubre de 2023, la ADEA incoó el presente escrito de apelación, en el que apuntó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al desestimar la solicitud de remedios extraordinarios, toda vez, que, no existe un remedio adecuado en ley.

Mediante *Comparecencia Especial*, la ASG, sin someterse a la jurisdicción de este Tribunal, solicitó que se le relevara de presentar escrito en oposición a la apelación por aún no haber sido emplazado y traído al pleito.

## II.

Como norma general, los tribunales pueden atender toda controversia que sea traída ante su consideración y que sea justiciable. No obstante, a manera de excepción, la doctrina de agotamiento de remedios administrativos constituye una norma de abstención o autolimitación judicial.[5] Esta postula que:

> [U]na persona que desee obtener un remedio y acude primero a la agencia que posea jurisdicción sobre la cuestión, tendrá la obligación, como regla general, de utilizar todos los recursos, procedimientos, y las vías que administrativamente estén disponibles, antes de recurrir a la Rama Judicial.[6]

El propósito de la doctrina es determinar la etapa en la que un litigante puede recurrir a los tribunales, evitando así una

---

[5] *S.L.G. Flores-Jiménez v. Colberg*, 173 DPR 843, 851 (2008); *Asoc. Pesc. Pta. Figueras v. Pto. del Rey*, 155 DPR 906, 916 (2001).
[6] *Ortiz v. Panel F.E.I.*, 155 DPR 219, 241 (2001).

intervención judicial innecesaria y a destiempo que interfiera con el cauce y desenlace normal del proceso administrativo.[7]

Ahora bien, la propia *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9601, *et seq.,* dispone que dicha norma tiene ciertas excepciones en las cuales el trámite administrativo podría ser eludido. A esos efectos, la Sección 4.3 de la LPAU,3 LPRA sec. 9673, dispone:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

En este contexto, el Tribunal Supremo ha expresado que "si la reclamación del demandante relata "un agravio de patente intensidad al derecho del individuo que reclame urgente reparación", se puede utilizar el *injunction* para eludir el cauce administrativo".[8] De igual modo, el Tribunal Supremo ha sido enfático al aclarar que "para preterir el requisito de agotamiento "[n]o basta con que los remedios administrativos sean lentos", sino que también deben constituir "una gestión inútil e inefectiva o que produzcan un daño irreparable".[9] Además, es necesario, que quien recurre al foro judicial alegando que debe prescindirse del requisito de agotamiento de remedios administrativos, señale hechos

---

[7] *AAA v. UIA*, 199 DPR 638, 656 (2018), citando a *Procuradora Paciente v. M.C.S.,* 163 DPR 21, 35 (2004).

[8] *Rivera v. E.L.A.*, 121 DPR 582, 596 (1988); seguido en *S.L.G. Flores-Jiménez v. Colberg*, supra, pág. 852.

[9] *S.L.G. Flores-Jiménez v. Colberg*, supra, pág. 852, citando a *Guadalupe v. Saldaña, Pres U.P.R.,* 133 DPR 42, 50 (1993).

específicos y bien definidos de manera tal que el tribunal pueda evaluar su petición.[10]

**III.**

Conforme surge de la sentencia apelada, al desestimar el recurso de *injunction,* el TPI ordenó a la ADEA agotar el trámite administrativo provisto por la ASG en su *Reglamento uniforme de compras y subastas de bienes, obras y servicios no profesionales de la Administración de Servicios Generales de Puerto Rico,* Núm. 9230 de 18 de noviembre de 2020.

Sin embargo, de los hechos alegados en la solicitud de remedios extraordinarios, surge que, previo a acudir al foro judicial, la ADEA recurrió al foro administrativo e impugnó el pliego de la Subasta Formal 23J-17237. Se desprende además que, en dicho trámite administrativo, la ASG dictó una resolución mediante la cual desestimó la impugnación del referido pliego, fundamentado en que, a tenor con la Sección 7.3.6 del Reglamento Núm. 9230, la ADEA carecía de legitimación para impugnar el proceso por no haber participado como licitador en la subasta objeto de impugnación.

Ante lo resuelto por el ente administrativo, en su solicitud de remedios extraordinarios, la ADEA alega que el mecanismo para la impugnación del pliego que provee la ASG en el Reglamento Núm. 9230, *supra,* es uno exclusivo para aquellos licitadores que participaron del proceso; y que, al no haber comparecido como licitadora, no le aplica ni estaba obligada a agotar dicho mecanismo. Por tanto, arguye que el foro administrativo no le provee un remedio adecuado en ley para dirimir sus reclamos, produciéndole un daño irreparable al pequeño grupo de empresas agropecuarias que resultaron agraciadas en las subastas formales 22-0616 y 22-0616-R1.

---

[10] *Guadalupe v. Saldaña, Pres U.P.R.,* supra, pág. 50.

Ante dichas alegaciones, corresponde entonces determinar si se justifica requerir a la ADEA el agotamiento del procedimiento ante la agencia al amparo del Reglamento Núm. 9230 de la ASG, *supra.*

El Artículo 1.6 (34) del mencionado reglamento define "impugnación del pliego "como aquella "solicitud que hace un licitador o un proponente ante la Administración Auxiliar de Adquisiciones para que revise las especificaciones y condiciones contenidas en los pliegos de una subasta o propuesta convocada". Conforme al inciso (38) del mismo artículo un "licitador" es "cualquier persona natural o jurídica registrada en el Registro Único de Licitadores (RUL) de la Administración de Servicios Generales o que ha presentado una Solicitud de Ingreso al RUL, que participe o pueda participar como postor en determinado proceso de licitación mediante la presentación de una oferta o propuesta".

Por su parte, el Artículo 7.3 (subasta formal), sección 7.3.6 atiende lo referente a la impugnación de la invitación a subasta (convocatoria); impugnación del pliego. Dicha sección reconoce solamente a los licitadores interesados en participar en la subasta el derecho de presentar un escrito de impugnación al pliego de la subasta.

Como quedó demostrado, la ADEA no es un licitador, ni compareció como licitador interesado en participar en la Subasta Formal 23J-17237. Por ello, no se justifica requerirle que agote un remedio administrativo que le resulta inaplicable y, por ende, inútil e inadecuado. Además, en su solicitud de remedios, la ADEA alegó hechos específicos que demostraban la urgencia del remedio solicitado y las razones que justificaban la preterición del cauce administrativo. Por lo tanto, en este caso procedía relevar a la ADEA de agotar los remedios administrativos ante la ASG y dilucidar la controversia en el foro judicial.

Conforme a todo lo anterior, concluimos que el TPI erró al desestimar la solicitud de *injunction* instada por la ADEA, requiriéndole agotar el trámite administrativo. Entendemos que, ante las alegaciones de la ADEA y la prueba documental sometida con la solicitud, procede que el TPI celebre una vista evidenciaria para evaluar si la reclamación de la ADEA amerita la concesión del *injunction*.

Así pues, revocamos la sentencia apelada, ordenamos la reapertura de caso y la expedición del emplazamiento correspondiente al Estado Libre Asociado de Puerto Rico, para la continuación de los procedimientos concernientes a la solicitud de remedios extraordinarios presentada por la ADEA.

**IV.**

Por los fundamentos que anteceden, revocamos la sentencia apelada y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones